UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS PISCIOTTA,                                          :

        Petitioner,                     : 10 Civ. 5451 (RMB) (GWG)

  -v.-                                                       : REPORT AND RECOMMENDATION

D.M. UNGER, Warden,                                          :
Wyoming Correctional Facility,
                                                                    :
        Respondent.
                                                                    :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       Nicholas Pisciotta, proceeding pro se, brings this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his conviction in state court of assault in the second degree, N.Y. Penal Law § 120.05(2). Respondent has moved to dismiss the petition on statute of limitations grounds. For the reasons stated below, respondent's motion should be granted.

I.     BACKGROUND

       A.     Pisciotta's Criminal Convictions

       On February 9, 2001, Pisciotta was indicted along with two other individuals by a Bronx County grand jury and charged with murder in the first degree and assault in the second degree. See Decision and Order (annexed to Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, dated Apr. 17, 2010 (Docket # 1) ("Pet.")) ("440 Decision") at 2. Pisciotta retained Thomas J. Lee to represent him. Id. On February 21, 2001, Pisciotta was indicted in an unrelated matter in the U.S. District Court for the Southern District of New York. Id. Pisciotta retained Lee to represent him in the federal case as well. Id.

       Sometime thereafter, the Government advised the federal district court that it "had become aware of a potential conflict of interest which could affect Lee's representation of

[Pisciotta] . . . ."  Id.  As a result, Judge Barbara S. Jones held a hearing in federal court pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), on July 9, 2001, "to ensure that [Pisciotta] was aware of the potential conflict and of his right to an attorney with no potential conflict of interest, and to determine whether defendant's waiver of that right was knowing, intelligent and voluntary."  440 Decision at 2-3.  At the hearing, the Government alleged that Lee had previously represented an individual named Vincent Basciano and that a potential conflict existed because "Mr. Pisciotta could possibly provide information about Mr. Basciano."  July 9 Curcio Minutes (annexed as Ex. 2 to Declaration in Support of Respondent's Motion to Dismiss the Petition ("Decl.") which is attached to Notice of Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 8(c)(1), Rule 12(b)(6) and 28 U.S.C. § 2244(d)(1), filed Nov. 4, 2010 (Docket # 7) ("Habeas Motion")) ("Tr.") at 2.  The Government noted that, in addition to Lee's representation of Basciano, Lee's representation of a Michael Saccente, in a separate federal case, presented an additional potential conflict of interest because Pisciotta could also provide information about Saccente.  (Tr. 2-3).

At the hearing, Lee advised the court that he had previously represented Basciano in civil matters, but that he was no longer representing Basciano.  (Tr. 3-4).  Lee also disclosed that he had represented Basciano's son in a juvenile criminal court matter.  (Tr. 4).  Lee went on to state that he had discussed the potential conflict with both Pisciotta and Saccente and that he did not believe there was any "conflict whatsoever."  (Tr. 4).  Judge Jones conducted a voir dire of Pisciotta (Tr. 4-14), in which it was assumed that Pisciotta knew Basciano (Tr. 7).  During the course of the questioning, Judge Jones advised Pisciotta of "Lee's potential conflicts of interest, the possible adverse affects those conflicts could have upon Lee's ability to represent [Pisciotta], and [Pisciotta's] constitutional right to be represented by an attorney who did not have any

potential conflict of interest . . . ." 440 Decision at 3; Tr. 5-14. Pisciotta stated that he understood everything Judge Jones had discussed with him. (See Tr. 12). The hearing was adjourned to give Pisciotta time to consider his decision and to consult with another attorney, if he so chose, who had no connection to Lee. (Tr. 13-14). At the resumed hearing on July 25, 2001, Pisciotta confirmed that he had spoken with another attorney, who was then present in court; that he was aware of Lee's potential conflicts of interest and their possible consequences; and that he wished to waive his right to conflict-free counsel. 440 Decision at 3-4; July 25 Curcio Minutes (annexed as Ex. 3 to Decl.) ("2Tr.") at 1-2. In addition, Judge Jones advised Pisciotta that if he were to waive his constitutional right to conflict-free counsel, he could not later "raise those conflicts on appeal as an issue with respect to what may happen in this case should [Pisciotta] be convicted." (2Tr. 2). Pisciotta stated that he understood. (Pisciotta: 2Tr. 2). Some months later, on October 16, 2001, Pisciotta entered a guilty plea in the federal case, 440 Decision at 4, and was sentenced on April 15, 2002 to 109 months imprisonment. Affirmation of Mark S. DeMarco (annexed as Ex. 10 to Decl.) ("DeMarco Aff.") ¶ 10.

As for the prosecution pending in Bronx County Supreme Court, "[n]either the People, [Pisciotta], nor Lee advised [the state court] that Lee had a potential conflict of interest or that a Curcio hearing had been held before the United States District Court." 440 Decision at 4. Pisciotta was convicted of assault in the second degree following a trial. See People v. Pisciotta, 34 A.D.3d 389 (1st Dep't 2006). In a judgment rendered on February 6, 2003, Pisciotta was sentenced to a term of seven years imprisonment to be served consecutively to his federal sentence. DeMarco Aff. ¶ 10. He is now serving that sentence.

3

B.      New Information Regarding Lee

On June 23, 2005, Lee, Basciano, and two other individuals were indicted in the U.S. District Court for the Eastern District of New York. See Superseding Indictment (annexed as Ex. 5 to Decl.) ("Lee Indictment"). Lee was charged with racketeering, racketeering conspiracy, conspiracy to commit murder in aid of racketeering, and obstruction of justice. See id. The allegations in the indictment relate exclusively to events occurring from 2003-2005. See id.[1] Lee eventually entered into a plea agreement in which he agreed to plead guilty to one count of racketeering in violation of 18 U.S.C. § 1962(c), in exchange for his testimony against Basciano and another individual. See Decl. ¶¶ 13-14 (citing In re Lee, 43 A.D.3d 86 (1st Dep't 2007)).

Lee testified against Basciano on April 4, 2006, see April 4 Transcript (annexed as Ex. 6 to Decl.) ("Apr. 4 Tr.") and again on July 16 and 17, 2007, at Basciano's retrial. See July 16 and 17 Transcript (annexed as Ex. 7 to Decl.) ("July Tr."). During the course of his direct examination, Lee revealed that his relationship with Basciano was different from what he had previously described to Judge Jones during the Southern District Curcio hearing. He testified that he represented Basciano and various members of Basciano's family in civil matters (July Tr.

---

[1] Included in the indictment were the following allegations:

> 25. The defendant Thomas J. Lee willingly used his status as an attorney to act, over a period of months, as a conduit of criminal messages between Basciano and the incarcerated official boss of the Bonanno family[, Massino]. Lee delivered messages inside the MDC to Massino regarding not only the structure and ongoing operation of the Bonanno family but also regarding specific Bonanno family criminal activities.
>
> 26. The defendant Thomas J. Lee also brought the incarcerated official boss a request from Basciano for permission to kill Patrick DeFilippo, a captain in the Bonanno family. . . .

Id. ¶¶ 25-26.

3041), though he did not state when such representations began. Lee also stated that he had known Basciano for 10-15 years (Apr. 4 Tr. 6762) and that he had represented Basciano's subordinates in over 100 criminal proceedings from 1998-2005 relating to an "illegal numbers or policy scheme." (Apr. 4 Tr. 6766-70); (July Tr. 3047). He stated, however, that he "never really represented [Basciano] in a criminal matter." (July Tr. 3123). He conceded that his statements to Judge Jones were "a lie." Id.

In addition, Lee testified that he had failed to disclose during the Curcio hearing that Basciano had given him "[$]15 or $25,000" to represent Pisciotta in the Bronx County case. (Apr. 4 Tr. 6840; July Tr. 3124-25).

### C. Procedural History

#### 1. Direct State Appeals

Pisciotta appealed his Bronx County conviction, with the aid of retained counsel Mark S. DeMarco, to the Supreme Court of the State of New York, Appellate Division, First Department. In his briefing, petitioner did not raise his attorney's conflict of interest as a ground for reversal of conviction. See Appellant's Brief, New York Supreme Court, Appellate Division - First Department (annexed as Ex. 8 to Decl.). On November 30, 2006, the Appellate Division unanimously affirmed Pisciotta's conviction. See People v. Pisciotta, 34 A.D.3d 389 (1st Dep't 2006). Pisciotta's application for leave to appeal to the Court of Appeal's was denied on February 28, 2007. See People v. Pisciotta, 8 N.Y.3d 883 (2007).

#### 2. 440.10 Motion

Pisciotta asserts that, some time in mid-December 2008, he learned from DeMarco about Lee's testimony at Basciano's trial, including the fact that Lee had admitted on the record that he had lied during Pisciotta's Curcio hearing in federal court. Affidavit in Opposition to

5

Respondent's Motion to Dismiss, filed Jan. 17, 2011 (Docket # 10) ("Pisciotta Aff.") ¶ 4.  In January 2009, Pisciotta, again represented by DeMarco, filed a motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law §§ 440.10(1)(f), (g), and (h) ("§ 440.10 motion").  In his motion, Pisciotta argued that his conviction should be vacated since he was "deprived of his Sixth Amendment right to the effective assistance of trial counsel" due to the fact that he had been "deprived of conflict-free trial counsel."  Defendant's Memorandum of Law (annexed as Ex. 10 to Decl.) at 3-9.

On August 20, 2009, the Bronx County Supreme Court denied Pisciotta's motion.  The court held that Pisciotta's motion was "'based upon the existence or occurrence of facts and the moving papers [did] not contain sworn allegations substantiating or tending to substantiate all the essential facts.'"  440 Decision at 6 (quoting N.Y. Crim. Proc. Law § 440.30(4)(b)).  Additionally, the court found that even if Pisciotta's unsworn assertions satisfied the threshold requirements of N.Y. Crim. Proc. Law § 440.30(4)(b), the motion would still fail "because . . . [the] moving papers [were] not legally sufficient to create an issue as to the existence or occurrence of [ ] essential facts . . . [since Pisciotta failed to] allege or assert that at the time of [his] trial in the Bronx County case the Bronx County District Attorney was investigating or prosecuting Basciano, or was offering [Pisciotta] any consideration in exchange for information about Basciano or [Pisciotta's] cooperation in any investigation or prosecution . . . of Basciano."  440 Decision at 7.

The Appellate Division denied Pisciotta's leave to appeal the denial of his § 440.10 motion on October 29, 2009.  See People v. Pisciotta, 2009 N.Y. Slip Op. 87206(U) (1st Dep't 2009).

3.      The Instant Petition

Pisciotta's federal habeas corpus petition was signed on April 17, 2010, placed in the Wyoming Correctional Facility mailing system on April 28, 2010, received by the Pro Se Office of this district on May 6, 2010, and filed on July 19, 2010. See Pet. The petition raises the following ground for relief: "Ineffective assistance of trial counsel. Defense counsel had multiple conflicts of interest due to his representation of several individuals associated with my case." Pet. at 6. The respondent has now moved to dismiss on statute of limitations grounds.[2]

II.   DISCUSSION

A.   Local Rule 12.1

As an initial matter, Pisciotta urges denial of the motion because the respondent "fail[ed] to serve the petitioner with the notice specified in [Local Civil] Rule 12.1." Op. Memo at 1. The Court rejects this argument. The purpose of Local Civil Rule 12.1 is to give notice to a pro se plaintiff that he is required to rebut any assertions of fact by supplying affidavits of his own. Here, petitioner concedes the papers relied upon by the respondent are authentic. See Pisciotta Aff. ¶ 20 ("Respondent's Motion to Dismiss contains exhibits of my appeal and my §440.10 Motion and Decision. Also included, are transcripts of my federal Curcio hearing and so, I have not re-attached those exhibits to my Affidavit; but instead incorporate those documents by reference with the same force and effect as if said documents had been annexed hereto."). In addition, Pisciotta has in fact supplied an affidavit addressing the factual issues raised by the

---

[2] See Habeas Motion; Decl.; Memorandum of Law (annexed to Habeas Motion); Pisciotta Aff.; Memorandum of Law in Opposition to Respondent's Motion to Dismiss (annexed to Pisciotta Aff.) ("Op. Memo"); Declaration in Reply to Petitioner's Opposition to the Motion to Dismiss the Petition, filed Feb. 7, 2011 (Docket # 11) ("Reply Decl."); Reply Memorandum of Law (annexed to Reply Decl.).

respondent's motion.  See Pisciotta Aff.  Because Pisciotta was not prejudiced by the respondent's failure to comply with the rule, rejection of the motion to dismiss on this ground is not warranted.  See Carvel v. Franchise Stores Realty Corp., 2009 WL 4333652, at *11 (S.D.N.Y. Dec. 1, 2009) ("A pro se plaintiff who is aware of the rights that Local Rule 12.1 is designed to give notice of, and who is not prejudiced by the defendants' failure to comply with the Rule, is not entitled to prevail on the basis of the defendants' failure.") (citing Pieczenik v. Cambridge Antibody Tech. Grp., 2004 WL 527045, at *4 (S.D.N.Y. Mar. 16, 2004)).

      B.      Statute of Limitations

           1.      The AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period on habeas corpus applications by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The one year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The only subsections that are potentially relevant to this case are (A) and (D).  We discuss each subsection in turn.

2. <u>Timeliness Under 2244(d)(1)(A)</u>

It is undisputed that the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). Because the Court of Appeals denied leave to appeal on February 28, 2007, the judgment became final on May 29, 2007. See <u>Valverde v. Stinson</u>, 224 F.3d 129, 132 (2d Cir. 2000) (judgment becomes final after "the ninety-day period to seek direct review from the U.S. Supreme Court by way of certiorari [has] expired"). Under 28 U.S.C. § 2244(d)(1)(A), Pisciotta had one year from May 29, 2007, that is, until May 29, 2008, to file a writ of habeas corpus. Pisciotta failed to file the instant petition within that deadline. In addition, Pisciotta is not entitled to invoke the tolling provision of 28 U.S.C. § 2244(d)(2) because Pisciotta filed his § 440.10 motion on January 31, 2009, more than eight months after the one-year statute of limitations period had already expired.

3. <u>Timeliness Under 2244(d)(1)(D)</u>

The petition is also time-barred under 28 U.S.C. § 2244(d)(1)(D). Section § 2244(d)(1)(D) "is not a tolling provision that extends the length of the available filing time . . . . Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, . . . to the later date on which the particular claim accrued." <u>Wims v. United States</u>, 225 F.3d 186, 190 (2d Cir. 2000) (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 15 (2d Cir. 2000)); accord <u>Friedman v. Rehal</u>, 618 F.3d 142, 152 (2d Cir. 2010). Under § 2244(d)(1)(D), the statute of limitations period begins to run from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

To state a Sixth Amendment conflict of interest claim, a petitioner must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." <u>Cuyler v.</u>

Sullivan, 446 U.S. 335, 348 (1980).  Thus, the factual predicate for a habeas petition based on a conflict of interest claim are facts showing that Lee had a conflict of interest and that this conflict may have adversely affected Lee's performance.  See Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001) ("[T]o have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice.").[3]

Pisciotta was aware of the factual predicate underlying the conflict between him and Lee no later than July 2001, when he was informed at the Curcio hearing of the existence of the potential conflict.  During the course of the hearing, Lee revealed that he had represented Basciano in civil matters and had also represented Basciano's son in a criminal juvenile proceeding.  (Tr. 3).  While the full extent of Lee's relationship with Basciano was not revealed to Pisciotta until years later, Lee's disclosures at the Curcio hearing put Pisciotta on notice of the existence of the conflict.  Indeed, Judge Jones' statements at the hearing further made clear the conflict between Lee and Pisciotta.  Judge Jones said:

> To make it very concrete, let's just assume that you might have information about [Basciano] and you understand it might be in your best interests to give law enforcement that information or to testify.  However, your lawyer, Mr. Lee, because he represents them, cannot do anything as your lawyer that would hurt Mr. Basciano . . . .  He couldn't advise you to go ahead and give information or testify against them even though it might be in your best interests to do so.

Tr. at 7-11.

---

[3] While it is not relevant to the limitations issue, Pisciotta's claim does not involve a "per se" conflict of interest.  Thus, his claim requires that he show both the particular conflict of interest between him and Lee as well as the prejudice that resulted from that conflict.  See generally Ortiz v. Ercole, 2009 WL 4781749, at *5-6 (S.D.N.Y. Dec. 14, 2009), adopted by 2010 WL 1257577 (S.D.N.Y. Mar. 30, 2010).

In the years since 2001, Pisciotta has not learned of any new conflicts involving Lee – for example, a duty Lee owed to some other individual that conflicted with Lee's duty to Pisciotta. Instead, Pisciotta learned new information about the very same conflict he was informed of in 2001: that is, the conflict between Lee's duty to Pisciotta and Lee's duty to Basciano.[4]  This case thus comes within the extensive case law holding that section 2244(d)(1)(D) is not triggered simply because a petitioner learns of new facts that support a claim he knew about earlier.  See, e.g., Giles v. Smith  2010 WL 4159468, at * 5 (S.D.N.Y. Oct. 8, 2010) (limitations period begins to run "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim"); accord Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D.N.Y. 2002) (quoting Youngblood v. Grenier, 1998 WL 720681, at *4 n. 4 (S.D.N.Y. Oct. 13, 1998)).

Petitioner has not put forward any other basis on which to avoid the bar imposed by the statute of limitations, such as actual innocence, Doe v. Menefee, 391 F.3d 147, 160-65 (2d Cir. 2004), or equitable tolling, e.g., Valverde, 224 F.3d at 133-36.  Accordingly, the petition is untimely.

IV.   CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition (Docket # 7)

---

[4]  And even the new information Pisciotta claims he learned is not supported by the documents he cites to.  In his memorandum of law, Pisciotta asserts that at Basciano's trial, Lee testified that he had represented Basciano in criminal matters and that he was a criminal associate of Basciano.  Op. Memo at 8.  In fact, Lee testified that he had represented Basciano only in civil matters and that he had never represented Basciano in a criminal proceeding.  (July Tr. 3123).  In addition, there is no indication in the record that Lee was a criminal associate of Basciano in 2001-2002, when Pisciotta was prosecuted in the Bronx.  The indictment against Lee refers only to events that occurred from 2003-2005.  See Lee Indictment;  see also 440 Decision at 9 ("there is no allegation or assertion, and no indication in the record, that Lee was engaged in criminal activity prior to early 2004").

11

should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard M. Berman, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Berman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 11, 2011
        New York, New York

                                                          GABRIEL W. GORENSTEIN
                                                          United States Magistrate Judge

Copies sent to:

Nicholas Pisciotta
09-A-0001
Wende Correctional Facility
3040 Wende Road
Alden, New York 14004-1187

Noah Chamoy
Bronx District Attorney Office
198 E.161 St.
Bronx, NY 10451

should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard M. Berman, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Berman. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 11, 2011
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Nicholas Pisciotta
09-A-0001
Wende Correctional Facility
3040 Wende Road
Alden, New York 14004-1187

Noah Chamoy
Bronx District Attorney Office
198 E.161 St.
Bronx, NY 10451

12