UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICHOLAS PISCIOTTA,                              :
                                                 :
                          Petitioner,            :
                                                 :        10 Civ. 5451 (RMB) (GWG)
         -against-                               :
                                                 :        **DECISION & ORDER**
D.M. UNGER,                                      :
                                                 :
                          Respondent.            :
                                                 :
------------------------------------------------------------X

I.     Background

On or about July 19, 2010, Nicholas Pisciotta ("Pisciotta" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against D.M. Unger, Warden of the Wyoming Correctional Facility ("Respondent"). Pisciotta is challenging his February 6, 2003 conviction, following a jury trial, in New York State Supreme Court, Bronx County (Newman, J.), of assault in the second degree in violation of N.Y. Penal Law § 120.05(2). (See Pet., dated Apr. 17, 2010, at 1; Aff. of Mark S. DeMarco, dated Jan. 31, 2009, annexed as Ex. 10 to Decl. in Supp. of Resp.'s Mot. to Dismiss the Pet., dated Nov. 4, 2010, ¶ 10.) Petitioner alleges, among other things, that he received ineffective assistance of counsel because his attorney allegedly "had multiple conflicts of interest due to his representation of several individuals associated with [his] case." (Pet. at 6.)

On November 4, 2010, Respondent filed a motion to dismiss the Petition pursuant to Federal Rules of Civil Procedure 8(c)(1) and 12(b)(6), arguing that the Petition is time barred under the (one year) statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (Mem. of Law, dated Nov. 4, 2010, at 2–6.)

On January 17, 2011, Petitioner filed an opposition, arguing, among other things, that Respondent's motion should be denied because Respondent "fail[ed] to serve [Petitioner] with notice as specified in [Local Civil] Rule 12.1"; and the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D).  (Mem. of Law in Opp'n to Resp.'s Mot. to Dismiss, dated Jan. 14, 2011, at 1, 2.)

On February 7, 2011, Respondent filed a reply.  (Reply Mem. of Law, dated Feb. 7, 2011.)

On March 11, 2011, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough report and recommendation ("Report") recommending that Respondent's motion be granted because, among other reasons (1) Petitioner "was not prejudiced" by Respondent's failure to comply with Local Civil Rule 12.1; and (2) the Petition is time barred because, among other reasons, Petitioner "was aware of the factual predicate underlying the conflict between him and [his attorney] no later than July 2001."  (Report, dated Mar. 11, 2011, at 8, 10.)

The Report instructed the parties that they had "fourteen (14) days . . . from service of this [Report] to serve and file any objections."  (Report at 12.)  On April 4, 2011, the Court received an undated (and possibly untimely) affidavit in objection to the Report from Petitioner.

**For the reasons stated below, the Report is adopted in its entirety and Respondent's motion to dismiss is granted.**

## II. Standard of Review

"In reviewing a Report and Recommendation, a district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Young v. United States, No. 07 Civ. 10411, 2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010)

(internal quotation marks omitted); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "Where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." Berger v. Comm'r of Corr. Servs., No. 09 Civ. 8707, 2010 WL 4118097, at *1 (S.D.N.Y. Oct. 19, 2010) (internal quotation marks omitted); see also Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Accolla v. United States, No. 08 Civ. 3223, 2011 WL 1118696, at *1 (S.D.N.Y. Mar. 24, 2011).

"In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error." Genao v. United States, No. 08 Civ. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011).

"A court must read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." King v. Cunningham, 442 F. Supp. 2d 171, 176 n.7 (S.D.N.Y. 2006).

**III. Analysis**

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Petition, Respondent's motion to dismiss, Petitioner's opposition, Respondent's reply, the Report, Petitioner's affidavit in objection to the Report, and applicable legal authorities, and concludes that Judge Gorenstein's recommendations are supported by the record and the law.[1] See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

---

[1] The Court has conducted a de novo review even though the clear error standard could have been applied given the reiterative and conclusory nature of Petitioner's affidavit in objection to the Report. (See Petr.'s Aff. in Obj. to Report, dated March __, 2011, ¶ 3 ("For the

3

**(1)    Local Rule 12.1**

Judge Gorenstein concluded that Petitioner "was not prejudiced" by Respondent's failure to comply with Local Civil Rule 12.1 because Petitioner "concedes the papers relied upon by [Respondent] are authentic," and Petitioner himself "supplied an affidavit addressing the factual issues raised by [Respondent's] motion."  (Report at 7–8); see Carvel v. Franchise Stores Realty Corp., No. 08 Civ. 8938, 2009 WL 4333652, at * 11 (S.D.N.Y. Dec. 1, 2009).

**(2)    Statute of Limitations**

Judge Gorenstein concluded, among other things, that the Petition is time barred because Petitioner's attorney's "disclosures at the . . . hearing [before United States District Judge Barbara S. Jones on July 9, 2001] put Pisciotta on notice of the existence of the conflict," thereby triggering the one year limitations period.  (Report at 10); see 28 U.S.C. § 2244(d)(1)(D); Giles v. Smith, No. 10 Civ. 5322, 2010 WL 4159468, at *5 (S.D.N.Y. Oct. 8, 2010).

**IV.    Certificate of Appealability**

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case.  See Lucidore, 209 F.3d at 112.  Any appeal from this Order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

---

reasons set forth in my previous submissions, th[e] [Report] should not be adopted by this Court.").)

## V. Conclusion

For the reasons stated herein and therein, the Report [#12] is adopted in its entirety, and Respondent's motion to dismiss [#7] is granted. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
April 4, 2011

_____
RICHARD M. BERMAN, U.S.D.J.